UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| WAYNE CARTER, | ) | 1-08-cv-01255-OWW-JMD-HC |
| Petitioner, | ) | |
| | ) | FINDINGS AND RECOMMENDATION |
| v. | ) | REGARDING PETITION FOR WRIT OF |
| | ) | HABEAS CORPUS |
| NEIL ADLER, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | OBJECTIONS DUE WITHIN THIRTY DAYS |

Petitioner Wayne Carter ("Petitioner") is a federal prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**Procedural History**

Petitioner pled guilty to three narcotics related offenses in 2001. (Answer, Ex. 2). The sentencing court imposed a sentence of one-hundred thirty months incarceration, a five-year term of supervised release, and a two-hundred dollar special assessment. (Id.).

Petitioner filed the instant petition for writ of habeas corpus on August 25, 2008. (Doc. 1). Respondent filed an answer to the petition on December 5, 2009. (Doc. 13). Petitioner filed a traverse on January 6, 2009. (Doc. 14).

**Factual History**

The instant petition does not challenge Petitioner's conviction or sentence. Rather, Petitioner contends that the Bureau of Prisons (BOP) is executing Petitioner's sentence in a way that violates federal law because the BOP refuses to consider Petitioner for twelve-month placement in a halfway

house ("RRC").[1]  Accordingly, the factual background relevant to this matter concerns the BOP's consideration of Petitioner for placement in an RRC.

Petitioner contends that he first requested consideration for twelve-month placement in an RRC on July 11, 2008. (Pet. at 2). After discussing the issue with prison staff, Petitioner submitted a written request asking for twelve-month placement in an RRC on July 14, 2008. (Id.). On July 25, 2008, Petitioner received a written denial of his request. (Id.). Petitioner contends that his request for twelve-month placement in an RRC was denied on the basis of Petitioner's strong family support and the availability of family housing to Petitioner. (Id.).

Petitioner attempted to obtain reconsideration of his request for twelve-month placement in an RRC through the BOP's informal resolution procedure on July 28, 2008.[2] Petitioner alleges that prison staff told Petitioner "no one at this institution will receive more than 6 months halfway house regardless of congress inacting [sic] the second chance act [sic]." (Pet. at 2). Petitioner concedes that he did not continue to pursue his administrative remedies after his attempt at informal resolution failed. (Id. at 4).

## Discussion

**I.     Jurisdiction and Venue**

Writ of habeas corpus relief extends to a person in custody under the authority of the United States. *See* 28 U.S.C. § 2241. While a federal prisoner who wishes to challenge the validity or constitutionality of his conviction must bring a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255, a petitioner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. *See, e.g., Porter v. Adams*, 244 F.3d 1006, 1007 (9th Cir. 2001) (discussing distinction between sections 2255 and 2241). Unlike section 2255, section 2241 does not contain language limiting jurisdiction under section 2241 to petitioners who are "claiming the right to be released." 28 U.S.C. § 2255; *compare*

---

[1] Residential re-entry centers ("RRC's"), colloquially known as "half-way houses," were formerly referred to as "CCC's" under BOP regulations. *See, e.g.,Rodriguez v. Smith,* 541 F.3d 1180, 1181 n.1 (9th Cir. 2008).

[2] BOP regulations require prisoners to attempt informal resolution of an issue before submitting a request for administrative remedy. 28 C.F.R. 542.13 (2009).

*United States v. Thiele*, 314 F.3d 399, 401 (9th Cir. 2002) (challenge to restitution order not cognizable under section 2255 because petitioner was not claiming right to be released) *with Montano-Figueroa v. Crabtree*, 162 F.3d 548, 549 (9th Cir. 1998) (challenge to timing and amount of fine payments cognizable under section 2241's execution clause).  Accordingly, section 2241 may be used to challenge the execution of a prisoner's sentence even where the prisoner does not seek release or to shorten the duration of his confinement. *See, e.g., Rodriguez*, 541 F.3d at 1182; *Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000) (entertaining petitioner's challenge to his transfer to a private prison as a challenge to the execution of his sentence pursuant to section 2241); *see also Montano-Figueroa*, 162 F.3d at 549 (reaching the merits of petitioner's section 2241 challenge to amount and timing of fine payments); *United States v. Lemoine*, 546 F.3d 1042, 1046 (9th Cir. 2008) (entertaining section 2241 challenging to restitution schedule).  Federal courts have jurisdiction to entertain challenges to the BOP's refusal to transfer a prisoner to an RRC facility pursuant to section 2241. *See Rodriguez v. Smith*, 541 F.3d 1180, 1182 (9th Cir. 2008) (affirming district court's grant of habeas relief under section 2241 to prisoner challenging BOP's refusal to consider prisoner for transfer to RRC facility).

   Respondent contends that the Court lacks jurisdiction over this matter because the petition does not challenge the fact or duration of Petitioner's confinement; as authority for this proposition, Respondent cites a slew of civil rights cases in which courts discussed the intersection between civil rights jurisdiction and habeas jurisdiction. (Answer at 9-11) (citing, *inter alia*, *Badea v. Cox*, 931 F.3d 573, 574 (9th Cir. 1991); *Tucker v. Carlson*, 925 F.2d 330, 331 (9th Cir. 1991); *Ramirez v. Galaza*, 334 F.3d 850, 856-59 (9th Cir. 2003)).  Respondent's contention lacks merit.  None of the cases Respondent cites in support of its jurisdictional argument states that a habeas petition must challenge the fact or duration of confinement in order for federal courts to have jurisdiction over the cause;[3] in fact, several of the cases cited by Respondent throughout its brief foreclose Respondent's

---

[3] For example, the precise question before the Ninth Circuit in *Ramirez* was whether *Heck v. Humphry*, 512 U.S. 477 (1994) barred a prisoner's civil rights action under 42 U.S.C. § 1983 where the claim, if successful, might invalidate a disciplinary action that could affect the length of the prisoner's confinement. *Ramirez*, 334 F.3d at 852-53.  In *Badea,* the Ninth Circuit held simply that a habeas petition is not a proper vehicle for obtaining money damages, 931 F.3d at 574, and in *Tucker*, the Court held only that when a federal prisoner challenges the fact or duration of his confinement in a civil rights action, the prisoner's complaint must be construed as a habeas petition.  925 F.2d at 331.

erroneous contention. *See Rodriguez*, 541 F.3d at 1182 (affirming grant of relief in action challenging BOP's refusal to transfer inmate to an RRC);[4] *see also Preiser v. Rodriguez*, 411 U.S. 475, 486 (1973) (acknowledging appropriateness of habeas actions for cases in which prisoners are "unlawfully confined in the wrong institution") (citing *In re Bonner*, 151 U.S. 242 (1894)).

The Court concludes that jurisdiction over Petitioner's claim pursuant to section 2241 is proper. *See, e.g., Rodriguez,* 541 F.3d at 1182. Petitioner is currently incarcerated at Taft Correctional Institution, which is within the territorial jurisdiction of the Eastern District of California. 28 U.S.C. § 84. Accordingly, the Eastern District is the appropriate venue for Petitioner's action. 28 U.S.C. § 2241(c)(3).

## II.   Exhaustion

Petitioner concedes that he has not exhausted his administrative remedies, but asserts that exhaustion of his remedies before the BOP would be futile due to the length of time remaining on his sentence. (Pet. at 4). Respondent affirmatively asserts exhaustion as a grounds for dismissal. (Answer at 16-17).[5]

Federal prisoners must exhaust their administrative remedies before bringing a habeas petition pursuant to section 2241. *E.g., Laing v. Ashcroft*, 370 F.3d 994, 997 (9th Cir. 2004); *Martinez v. Roberts*, 804 F.2d 570, 571 (9th Cir. 1986). Under the doctrine of exhaustion, "no one is

---

[4] The Court has previously admonished Respondent's counsel for citing *Rodriguez* in support of the Government's jurisdictional argument without acknowledging the fact that the *Rodriguez* Court held implicitly that the section 2241 confers jurisdiction over challenges to BOP transfer decisions. *Hickey v. Adler*, 2009 U.S. Dist. LEXIS 67064*5 n.3 (E.D. Cal. 2009). Here, once again, Counsel cites *Rodriguez* as if its supports Respondent's position when in fact it forecloses it. Counsel's failure to acknowledge binding adverse authority is particularly troubling in light of the contradictory positions Respondent advances in its answer. On the one hand, Respondent argues that "where suits challenge conditions of prison life...habeas jurisdiction is absent." (Answer at 11). On the other hand, Respondent contends that Congress intended for 28 U.S.C. § 1997e to apply to habeas petitions. (Answer at 16). By its own terms, section 1997e applies only to suits "brought with respect to prison conditions." Although parties may generally advance alternative arguments, it is disingenuous for Respondent to argue that 1) federal courts do not have habeas jurisdiction over cases challenging conditions of confinement; *and* 2) Congress intended for section 1997e, which applies *only* to suits challenging prison conditions, to apply to habeas actions.

[5] Respondent contends that the Prisoner Litigation Reform Act (PLRA) applies to Petitioner's claim. The Court need not decide whether the PLRA applies to the instant petition, as the Court finds that the well-settled exhaustion requirement applicable to habeas corpus petitions under section 2241 provides an adequate basis for dismissing this action. The Court notes that Respondent's position appears untenable, as section 1997e applies only to actions "brought with respect to prison conditions." 42 U.S.C. § 1997e(a). Despite Respondent's characterization of Petitioner's claim as a challenge to "conditions of confinement," Petitioner's claim is best understood as a challenge to the execution of his sentence. *See Montez*, 208 F.3d at 865 (characterizing petitioner's challenge to his transfer to a private prison as a challenge to the execution of his sentence). Petitioner challenges the application of BOP regulations to him, not the conditions of his place of incarceration.

entitled to judicial relief for a supposed or threatened injury until the prescribed remedy has been exhausted." *Laing*, 370 F.3d at 998 (quoting *McKart v. United States*, 395 U.S. 185, 193 (1969)). If a petitioner has not properly exhausted his claims, the district court, in its discretion, may either "excuse the faulty exhaustion and reach the merits, or require the petitioner to exhaust his administrative remedies before proceeding in court." *Brown v. Rison*, 895 F.2d 533, 535 (9th Cir. 1990). Exhaustion is not required if pursuing those remedies would be futile. *Terrell v. Brewer*, 935 F.2d 1015, 1019 (9th Cir. 1991).

Petitioner's conclusory allegation that exhaustion would be futile in his case due to the length of time remaining on his sentence is insufficient to justify excusing the exhaustion requirement. (Pet. at 4). Assuming all of Petitioner's allegations are true, the appropriate form of relief in this action would be an order directing the BOP to consider Petitioner's request consistent with the governing statute. Petitioner may obtain the same relief this Court could afford by simply requesting consideration for RRC placement, and, in the event his request is denied, by pursuing the administrative remedies set forth in the Code of Federal Regulations.[6] *See* 28 C.F.R. §§ 542 *et seq*. The Court must presume that, if Petitioner pursues his administrative remedies, the BOP will consider his request consistent with its governing statutes. *See, e.g., Garner v. Jones,* 529 U.S. 244, 256 (2000) ("Absent a demonstration to the contrary, we presume the Board follows its statutory commands and internal policies in fulfilling its obligations").[7] Because Petitioner has an adequate administrative remedy that has not been exhausted, the Court, in its discretion, finds that the petition should be dismissed and that Petitioner should seek to exhaust his administrative remedies before proceeding in federal court. *See Rison*, 895 F.2d at 535.

///

///

---

[6] Pursuant to current BOP policy, a federal prisoner may request consideration for RRC placement at any time. (Answer, Ex. 7). Although Petitioner's previous request for twelve month placement in an RRC was denied, Petitioner failed to pursue his administrative remedies with the BOP.

[7] In *Garner*, the Supreme Court applied this presumption to a state's parole board, citing *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260, 266-268 (1954), an immigration case, as authority for the presumption. Accordingly, the Court reads *Garner* as stating a general presumption that an agency is presumed to act consistent with its governing regulations.

**RECOMMENDATION**

Accordingly, the Court RECOMMENDS that the petition for writ of habeas corpus be DISMISSED and the Clerk of Court be DIRECTED to enter judgment for Respondent.

This Findings and Recommendation is submitted to the Honorable Oliver W. Wanger, United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(c). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   October 16, 2009**          /s/ John M. Dixon
UNITED STATES MAGISTRATE JUDGE